**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MORAN INDUSTRIES, INC. and MEINEKE CAR CARE CENTERS, INC.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 10-CV-7653** |
| | ) | **Hon. Judge Hibbler** |
| **MARK E. BAKER,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' RESPONSE TO MARK E. BAKER'S MOTION TO DEMAND PLAINTIFFS TO COMPLY WITH LOCAL RULE 3.2 "NOTIFICATION AS TO AFFILIATES"**

Plaintiffs Moran Industries, Inc. ("Moran") and Meineke Car Care Centers, Inc. ("Meineke") respectfully submit the following opposition to defendant Mark E. Baker's "Motion To Demand Plaintiffs To Comply With Local Rule 3.2 'Notification As to Affiliates'":

## ARGUMENT

Under the Court's briefing schedule, Mr. Baker had 30 days to file his reply in support of his motion to dismiss after Moran and Meineke filed their opposition, making his reply due on April 1, 2011. There is no basis to grant Mr. Baker even more time to file his reply.

First, both Meineke and Moran have filed their notifications of affiliates, and the relief Mr. Baker requests is now moot. In fact, Mr. Baker made no effort to contact Moran or Meineke regarding the disclosure of their affiliates before filing his motion. Had he done so, Moran and

Meineke would have immediately filed their disclosures, as they did when they received Mr. Baker's motion, and there would have been no need to file a motion at all.

Second, Moran has no affiliates to disclose. [Doc. 20.] With regard to Meineke, Driven Brands, Inc. is Meineke's parent company and owns more than 5% of its corporation. [Doc. 19.] That Driven Brands, Inc. is the parent company of Meineke was set forth in the declaration of Ted Pearce filed on March 2, 2011 in support of Moran and Meineke's opposition to Mr. Baker's motion to dismiss. [Doc. 16 at 53, ¶ 1 ("Driven Brands is a holding company that was organized in 2005, and it is the parent company of Meineke Car Care Centers, Inc.").] Mr. Baker has known this information since at least March 2, 2011. Moreover, now that the notifications have been filed – and no additional information has been learned by their filing – Mr. Baker can file his reply on April 1, 2011 as previously ordered.

Third, the notification could have no bearing whatsoever on Mr. Baker's reply brief. He has filed a motion to dismiss for lack of personal jurisdiction and venue. The identity of Meineke's parent company (which was already expressly disclosed to him on March 2, 2011) has no effect on any issue raised by his motion – nor has Mr. Baker suggested how it can have an effect. And even if Mr. Baker believed that he needed additional time to respond before the notifications of affiliates were filed, now that the affiliates have been identified, Mr. Baker has ample time (four days) to revamp his reply if necessary and to file by Friday, April 1, 2011.

Finally, and most importantly, Mr. Baker is presently operating a competing business at the same location that he was operating his Moran and Meineke franchises and using the Moran and Meineke marks and goodwill in violation of his agreements with Moran and Meineke and in violation of federal trademark law. Mr. Baker's request to delay adjudication of his motion to

dismiss is likely nothing more than an attempt to delay an adverse ruling, which will have the effect of allowing him to continue to breach his contracts with Moran and Meineke and to continue to damage their goodwill and reputation.

Having filed their Notifications of Affiliates, Moran and Meineke respectfully request that this Court deny Mr. Baker's motion as moot and direct Mr. Baker to file his reply on April 1, 2011 as this Court has previously ordered.

Dated: March 28, 2011

Respectfully submitted,

**MORAN INDUSTRIES, INC. and MEINEKE CAR CARE CENTERS, INC.,**

By: s/Amy C. Haywood
One of their Attorneys

Fredric A. Cohen (#6198606)
Amy C. Haywood (#6288230)
**CHENG COHEN LLC**
311 N Aberdeen St, Suite 400
Chicago, IL 60607
(312) 243-1717
fredric.cohen@chengcohen.com
amy.haywood@chengcohen.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing *PLAINTIFFS' RESPONSE TO MARK E. BAKER'S MOTION TO DEMAND PLAINTIFFS TO COMPLY WITH LOCAL RULE 3.2 "NOTIFICATION AS TO AFFILIATES"* was electronically filed and served via this court's ECF system on all parties of record, on this 28th day of March 2011.

*s/Amy C. Haywood*
Amy C. Haywood