**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MORAN INDUSTRIES, INC.** ) <br> and **MEINEKE CAR CARE CENTERS,** ) <br>     Plaintiff, ) <br> ) <br> ) **No. 10-CV-7653** <br> v.    ) **Honorable Judge Hibbler** <br> ) <br> **MARK E BAKER** ) <br>     Defendant, ) <br> _____ ) | |

## DEFENDANT RESPONSE TO PLANTIFS' RESPONSE TO COMPLY WITH LOCAL RULE 3.2

      Plaintiff Moran Industries and Plaintiff Meineke Car Care Centers have finally complied today with local rule LR3.2., and I thank them. Plantiffs' compliance with this court local rule is over 90 days overdue. Defendant still requests an extension of ten days from today to file his reply to Plantiffs' opposition to dismiss. Requesting an additional ten days is reasonable and needed and especially when the Plaintiffs were over 90 days late and overdue and until today were in non compliance with this court local rule LR3.2. The additional time is needed because today I learned that Meineke and Moran are not affiliated and it still raises the important question of law on how Meineke who is a North Carolina headquarted corporation and who had no contact with defendant Mark E Baker in Illinois is pursuing a lawsuit in Illinois.

      Plantiffs' are incorrect in the statement in [doc. 21] that defendant is using Moran and Meineke marks and goodwill. Plantiff is also incorrect in the statement that this was nothing more than an attempt to delay an adverse ruling. It's not a delay, and I believe the facts and law will produce a favorable ruling to the defendant.

      Certainly and especially in light of all the lawsuits Plantiffs have filed against their franchisees Meineke and Moran certainly knew the rules of this court but instead they ignored

the local rules of this court and only until a motion was filed by a Pro Se defendant did they comply with LR3.2.

Plantiffs write in [ Doc 21] that "Mr. Baker made no effort to contact Moran or Meineke regarding the disclosure of their affiliates" I don't feel that a Pro Se Defendant who is not a resident of Illinois, owns no property in Illinois and conducts no business in Illinois has to contact Moran who has offices in Tennessee, Arizona, and Illinois and Meineke who is headquartered in North Carolina and request them to comply with Illinois local court rules.

Finally, and most importantly, Meineke is a corporation headquartered in North Carolina. Mark E. Baker had no contacts with Meineke and the state of Illinois. Nothing in the franchise agreements allowed for a Multi-Plantiff lawsuit to be held in the state of Illinois. Since Plantiffs have now complied with LR 3.2 and now that the truth is out Meineke and Moran are not affiliated the defendants reply to Plantiffs opposition to dismiss will require the necessary ten additional days to research case law in the FSU library. Defendant is at a severe financially disadvantage to the Plantiff and the additional ten days is needed to access free resourses at the local University. While Plantiff undoubtedly has easy access to case research Pro Se defendant does not.

Defendant had a right to know if Meineke and Moran were affiliated and furthermore it is a local rule of this court to file a "Notification as to Affiliates" with the first Pleading. Plantiffs first pleading was back on December 2, 2010. The fact is if Plantiff complied with the local rule LR 3.2 none of these communications would have been necessary. The defendant could have asked for sanctions against the Plaintiff but instead asks for ten additional days.

Defendant respectfully requests an additional ten days to file his response to Plantiffs opposition to dismiss.

**Dated: March 28, 2011**

Respectfully submitted,

Mark E. Baker

By: s/ Mark E. Baker

Pro Se Defendant

Mark E. Baker

3137 Lisa Ct.

Tallahassee, FL 32312

850-385-5212

mbaker3791@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2011, I electronically filed Defendant Mark E.

Baker's notice of Motion to Dismiss with the Clerk of Court using the

 **CM/ECF system** and sent the aforementioned documents via U.S. First Class Mail,

postage prepaid to the following:

    Fredric A. Cohen
    Amy C. Haywood
    Cheng Cohen LLC
    311 K. Aberdeen Street, Suite 400
    Chicago, Illinois 60607

    By: s/ Mark E. Baker
    Pro Se Defendant