**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MORAN INDUSTRIES, INC. and** ) | |
| **MEINEKE CAR CARE CENTERS,** ) | |
| **INC.,** ) | |
| **Plaintiffs,** ) | |
| ) | **No. 10-CV-7653** |
| **v.** ) | **Honorable Judge Hibbler** |
| ) | |
| **MARK E BAKER** ) | |
| **Defendant,** ) | |
| _____ ) | |

## DEFENDANT MARK E BAKER REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND (3)

**COMES NOW** Pro Se Defendant Mark E. Baker and for its Reply Brief in further support of its Motion to Dismiss. Mark E. Baker filed a motion to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). The Motion before this court is Defendants motion to dismiss showing that the Federal District Court for the Northern District Court of Illinois lacks Personal jurisdiction over defendant, Venue is improper and this court is a manifestly and gravely inconvenient forum. Mark E Baker states as follows his reply brief and declaration and the exhibits in further support of its Motion to dismiss:

## MINIMUM CONTACTS DO NOT EXIST BETWEEN "MEINEKE" THE DEFENDANT AND THE STATE OF ILLINOIS

Clearly absent in Plaintiffs complaint and in its response in opposition to defendants motion to dismiss, Meineke is absent in asserting any connection between "Meineke" the defendant and the state of Illinois. That's because there were no contacts or connection between "Meineke" the defendant and the state of Illinois. No contracts exist between Meineke the Defendant and the state of Illinois.(Exhibit 1). Meineke Car Care Centers, Inc. ("Meineke") is a corporation

1

organized and existing under the laws of the State of North Carolina (Plaintiff complaint Doc 1 ¶ 2). Clearly in the Meineke franchise agreement there is absent any stipulation to allow Meineke to bring defendant to Illinois to be sued. Absent in Plaintiffs complaint and Plaintiffs opposition to defendant motion to dismiss, absent is any authority that allows Moran to file a Multi-Plaintiff lawsuit against Mark E. Baker in the state of Illinois.

## **REBUTTAL IN LAW**

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of proving personal jurisdiction over the defendant. *Greenberg* v. *Miami Children's Hospital Research Institute, Inc.,* 208 F.Supp.2d 918, 922 (N.D. Ill. *2002) (Greenberg).* The court accepts allegations in the complaint as true unless they are contradicted by the defendant's affidavits, and resolves any conflicts between the parties in favor of the plaintiff. *Euromarket Designs, Inc.* v. *Crate & Barrel, Ltd,* 96 F.Supp.2d 824, 822 (N.D. Ill. 2000) *(Euromarket Designs).*

A federal district court located in Illinois has personal jurisdiction over a nonresident Defendant only if an Illinois state court would have jurisdiction. *RAR, Inc.* v. *Turner Diesel, Ltd,* 107 F.3d 1272, 1275 (7th Cir. 1997) *(RAR).* For an Illinois court to have personal jurisdiction over a nonresident defendant, the court must determine if personal jurisdiction is permitted by (I) the Illinois long-arm statute, (2) the Illinois Constitution, and (3) the United States Constitution. *Brandon Apparel Group, Inc. v. Quitman Manufacturing, Co.,* 42 F.Supp.2d 821, 828 (N.D. **111.** 1999) *(Brandon Apparel).* The Illinois long-arm statute provides that personal jurisdiction comes under the limitations provided by the Due Process Clause of the 14th Amendment. *RAR,* 107 F.3d at 1276. Therefore, the Court need only look at the limitations under the United States Constitution since there is no difference between the limits of the Illinois and United States Constitutions in regard to this matter. *Hyatt lnt'l Corp. v. Coco,* 302 F.3d 707,715 (7th Cir. 2002).

Under the Due Process Clause, a defendant must have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend the traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310,316 (1945) *(International Shoe).* General jurisdiction exists when the

defendant is either domiciled in the forum state, *Euromarket Designs,* 96 F.Supp.2d at 833, or has "continuous and systematic general business contacts" with the forum state. *RAR,* 107 F.3d at 1277.

   "Meineke" filed the present Complaint in the Federal District Court in Illinois. To establish general jurisdiction over Mark E. Baker, "Meineke" needs to prove Mark E. Baker has "continuous and systematic general business contacts" in Illinois  *RAR,* 107 F.3d at 1277. "Meineke" does not allege Mark E. Baker has the proper "continuous and systematic" contacts in Illinois. Meineke has not established any contacts between Defendant and Meineke and the state of Illinois. Therefore, Mark E. Baker is not subject to general jurisdiction in Illinois.  Regarding specific jurisdiction, a state has specific jurisdiction over a defendant when the suit arises "out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, SA. v. Hall,* 466 U.S. 408, 414 n. 8 (1984). When analyzing the contacts, the court must consider whether "those contacts would make personal jurisdiction reasonable and fair under the circumstances." *RAR,* 107 F.3d at 1277. A defendant must have "purposefully availed itself of the privilege of conducting activities" in the forum state, *Burger King Corp.* v. *Rudzewicz,* 471 U.S. 462,474-75 *(1985) (Burger King),* such that he would "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286, 297 (1980). A defendant shall not be required to defend a lawsuit in a forum state "solely as a result of random, fortuitous, or attenuated contacts" or because of "unilateral activity of another party." *Burger King,* 471 U.S. at 475.

"Each Defendant's contacts with the forum state must be assessed individually." *Purdue Research Foundation* v. *Sanoji-Synthelabo, S.A.,* 338 F.3d 773, 784 (7th Cir. 2003).

   Nothing in the Meineke franchise agreement established Illinois as the forum state. "Meineke" is unable to establish Illinois has either general or specific jurisdiction over Mark E. Baker. Since "Meineke" is unable to establish that Illinois has either general or specific jurisdiction over defendant therefore Mark E. Bakers motion to dismiss must be granted.

Mark E. Baker had no contacts with "Meineke" and the state of Illinois (defendant declaration exhibit 1). Exercising jurisdiction over Mark E. Baker would not comply with "fair play and substantial justice." *International Shoe,* 326 U.S. at 316. "Meineke" has failed to show acts that

demonstrate Mark E Baker "purposefully availed itself of the privilege of conducting activities" in Illinois in order to prove personal jurisdiction. *Burger King,* 471 U.S. at 474-75.

## PLAINTIFFS MISSTATMENT AND MISCHARACTERIZATION

Nothing in the Plaintiffs franchise agreement allow a Multi-Plaintiff lawsuit to be filed by the franchisor against franchisee Mark E. Baker in Illinois, not in Illinois not anywhere. Ted Pearse declaration is incorrect (Ted Pearse declaration ¶ 4) , "Meineke chose to sue in the State of Illinois along with Moran Industries, Inc. ("Moran"), as is provided for in Moran's Franchise Agreement with Mr. Baker."  Ted Pearse fails to point to a single provision in "Morans" franchisee agreement which allows for Meineke to sue Mark E. Baker along with Moran Industries in the state of Illinois. No provisions exist in "Morans" franchise agreement or in "Meineke" franchise agreement for a Multi-Plaintiff claim to be filed against Mark E. Baker in Illinois or for that matter anywhere in the world.

Barbara Moran declaration is incorrect in several areas. Barbara Moran asserts in her Declaration (Barbara Moran declaration ¶ 8) in parts reads " defendant at all times dealt and communicated with Moran, whether by telephone, email or submission of reports and payments, at Moran's headquarters in Midlothian, Illinois". Barbara Moran's declaration is incorrect and filled with hearsay and unbelievable statements on how she Barbara Moran would even have any knowledge of "all times".  Barbara Moran fails to tell the court that Moran has offices located outside of Illinois. Moran also has two offices in Tennessee one office in Phoenix Arizona. Moran has offices outside the state of Illinois and Defendant communicated and sent reports to Moran employees outside the state of Illinois. (exhibit 2 Moran Industries Telephone Extensions). Examining the Moran Industries Telephone extension shows the offices in Tennessee and in Arizona. Moran operations Manager Tim Rodifer works out of a Moran office in Johnson City Tennessee.  Jack Yost who was an operation manager and held several other positions works out of Morans office in Murfreesboro Tennessee. Former operations manager for Tallahassee Chris Yarger worked out of his Moran Office in Texas.  Mark E. Baker personally visited Jack Yost at Jack's Moran office in Murfreesboro Tennessee. Jack and Mark E. Baker had several phone conversations before Mark signed the franchise agreement and before Mark opened and operated the Mr. Transmission. Mark E. Baker had phone

conversations with Tim Rodifer at his Moran Office in Johnson City Tennessee. Defendant faxed Tim Rodifer Mr. Transmission Tallahassee Repair orders at his Moran Johnson City Tennessee office. Defendant had conversations with Jacqie Mc Neal at her Moran Phoenix Az office. When customers had customer service issues regarding repair in Tallahassee they would call Jacqie Mc Neal and Jacqie from Phoenix Arizona would make recommendations to Defendant from Arizona and those recommendations would be performed in Tallahassee Florida. Jacqie recommendations would include extending warranties, refunding monies, or possibly performing a free service. Jacqie recommendations would be customer service recommendations.

Barbara Moran also asserts in her declaration (Barbara Moran declaration ¶ 19) "Tim is also the person whom defendant refused access to his Mr. Transmission Service center and event that led to the termination for cause of the defendant's Moran franchise". If it were true that defendant did not allow Tim access and that's the event which led to the termination, then that event would have had to happen in Tallahassee Florida setting Tallahassee Florida as the location as the "substantial event" that led to the termination of defendants franchise. That substantial event if it happened did not occur in the Northern district of Illinois. Venue is improper in the Northern District of Illinois.


## FRANCHISE AGREEMENT ALLOWS FOR THE FRANCHISEE (DEFENDANT MARK E BAKER) NOT THE FRANCHISOR (PLANTIFF) TO INSTITUTE A MULTI-PLANTIFF CLAIM


Moran Industries ("Moran") is a corporation organized and existing under the laws of the state of Illinois (Plaintiff complaint Doc 1. ¶ 1), and Meineke Car Care Centers, Inc. ("Meineke") is a corporation organized and existing under the laws of the State of North Carolina (Plaintiff complaint Doc 1 ¶ 2). Moran and Meineke are separate companies and is not affiliated (see Plaintiff notice of affiliate's doc [17]). "Moran" and "Meineke" filed a Multi-Plaintiff lawsuit against Defendant Mark E. Baker. Defendant had a franchise agreement with Moran executed on 10/06/2008 (Barbara Moran declaration Exhibit 1 ¶ 6) and defendant had a separate franchise agreement with Meineke executed on or about 6/26/2009 ( Ted Pearce

Declaration Exhibit B). Nothing in either franchise agreement allowed for a Multi-Plaintiff franchisor lawsuit to be filed in Illinois.

The Meineke franchise agreement has a provision for the franchisee (Mark E. Baker) to file a Multi-Plaintiff claim (see Plaintiff Meineke exhibit 1, section 17.4 Meineke franchise agreement) also (Defendant exhibit 4 section 17.4 Meineke franchise agreement).
The Meineke franchisee agreement does not have any provision for the franchisor (Meineke) to institute a claim in Illinois also absent is any provision for the Franchisor to institute a Multi-Plaintiff claim.

Examining both Plaintiffs franchisee agreements there is no provision to allow a Multi-Plaintiff claim to take place in Illinois, nor does it have any provisions for a Multi-Plaintiff Franchisor Lawsuit to take place anywhere. The only provision in the franchise agreement is for the franchise (Mark E. Baker) defendant could file a Multi-Plaintiff lawsuit.

## <u>VENUE IS NOT PROPER IN THIS COURT</u>

Venue for a Multi-Plaintiff lawsuit is not established in the franchise agreements. The Moran and Meineke franchise agreements did not establish venue for a Multi-Plaintiff lawsuit. The events that led to the termination of the franchisee agreement if they happened would have happened in Tallahassee Florida, not in Illinois. Venue is proper in a diversity action "in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). (b)(2); see *Woodke v. Dahm, 70* F.3d 983, 985 (8th Cir. 1995) (stating that courts should "focus on relevant activities of the defendant, not of the Plaintiff' in making venue decisions). When, as in this case, "multiple causes of action are joined, venue must be proper as to each one."*Payne* v. *Mktg. Showcase, Inc.,* 602 F. Supp. 656, 658 (N.D. Ill. 1985).

## CONCLUSION

The Plaintiff "Meineke" is unable to establish Illinois has either general or specific Jurisdiction over Defendant. Mark E Baker Motion to Dismiss for lack of personal jurisdiction must be granted. Meineke and Defendant have not engaged in sufficient minimum contacts (or any contacts) in Illinois or directed at Illinois. The fact remains that the franchise agreements are absent any provision to allow the franchisor to file a Multi-Plaintiff lawsuit in Illinois. Mark E. Baker wouldn't and shouldn't have suspected that he could be haled into Illinois to defend a Multi-Plaintiff lawsuit from two separate Franchisors in the state of Illinois.

For all the foregoing reasons, including the reasons in defendants motion to dismiss, Mark E Baker respectfully requests the Court to grant the motion to dismiss.

Respectfully submitted,

*/s/ Mark E. Baker*
Pro Se Defendant
3137 Lisa Ct.
Tallahassee, Fl 32312
850-385-5212

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2011, I electronically filed Defendant Mark E
.
reply brief in further support of its motion to dismiss pursuant to Federal Rules of civil

procedure 12(b)(2) and 12(b)(3) to the Clerk of Court using the **CM/ECF system** and

sent the aforementioned documents via U.S. First Class Mail, postage prepaid to the

following:

> Fredric A. Cohen
> Amy C. Haywood
> Cheng Cohen LLC
> 311 K. Aberdeen Street, Suite 400
> Chicago, Illinois 60607

> By: s/ Mark E. Baker
>  Pro Se Defendant
>  mbaker3791@aol.com

# EXHIBIT

## -1-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MORAN INDUSTRIES, INC.** | ) | |
| **and MEINEKE CAR CARE CENTERS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **No. 10-CV-7653** |
| **v.** | ) | **Honorable Judge Hibbler** |
| | ) | |
| **MARK E BAKER** | ) | |
| **Defendant,** | ) | |
| _____ | ) | |

<u>**DECLARATION OF MARK E BAKER**</u>

My name is Mark E. Baker. I am an individual over the age of eighteen (18) years. I am the defendant in this present case. I have personal knowledge of the facts set forth in this declaration and would be willing and able to testify there to if and when called upon to do so. I submit this declaration in support of my motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b) 2 and 12(b) 3.

1.      Moran Industries is an Illinois corporation headquartered in Midlothian, Illinois (¶ 2 Declaration of Barbara Moran). Moran has an office in Illinois, also Moran has two offices in Tennessee and one office in Arizona. (exhibit 2 Moran Industries Telephone extensions list.) Meineke is a corporation organized and existing under the laws of the state of North Carolina (Plaintiff complaint ¶ 3). "Moran" and "Meineke" are not affiliated. (see plaintiffs notice of affiliates).

2.      The franchise agreements were not negotiated. Moran Industries franchise agreement contains 26 pages. The Meineke franchise agreement contains 44 pages. Both Franchise agreements were standard non-negotiable "boiler plate" agreements created by the Franchisor.

1

3.  Barbara Moran (declaration ¶ 8) is incorrect in regards to "defendant at all times
    dealt and communicated with Moran, whether by telephone, email or submission of
    reports and payments, at Moran's headquarters in Midlothian, Illinois." I personally
    met with Jack Yost at Moran's office in Murfreesboro Tennessee. I also had several
    phone calls with Jack Yost while he was at his office in Murfreesboro Tennessee.
    Jack Yost works out of his office in Murfreesboro Tennessee. Tim Rodifer and I had
    telephone conversations while he was at his Johnson City Tennessee office. Tim works
    out of his Johnson City Tennessee office. I also faxed Tim customer repair order invoice
    Information to Tim at his Johnson City Tennessee office. Tim Rodifer also assisted me in
    Complying with Florida motor vehicle laws. Tim made the Florida vehicle compliance
    laws recommendation when Tim was in the Moran Tennessee office. I alerted Tim to the
    fact that Morans Florida customer repair orders were not compliant with Florida law.
    The repair order is a warranty given to the customer for automotive repairs. Initially
    Morans customer repair order was not compliant with Florida law. Another Moran
    Employee located outside of Illinois is Jacqie Mc Neal. Jacqie Mc Neal works out the
    Phoenix Arizona office. I had conversations with Jacqie while she was at the Phoenix
    Arizona office. Former Moran employee Chris Yarger had an office in or around the
    Houston Texas area and communicated with me from that area. Chris Yarger visited my
    Mr. Transmission franchise in Tallahassee Florida.

4.  Nothing in the franchisee agreement stipulates venue for a Multi-Plaintiff lawsuit in the
    state of Illinois. Absent in Plaintiffs pleading or response is any proof they could bring a
    Multi-Plaintiff lawsuit in the state of Illinois.

5.  I had no contact with Meineke in the state of Illinois. I had no discussions with Meineke
    in the state of Illinois. I conducted no business with Meineke and the state of Illinois.
    I had no written communication and no oral communication with Meineke and the state
    of Illinois. I never entered into any agreement or contracts with Meineke and Illinois.

6.  Moran Industries also conducts franchisee employee and franchisor owner training
    classes outside the state of Illinois. (Exhibit 3).

2

7.  Meineke provided on-site operations support whereby having Meineke Operations Manager Thomas Mcgavitt drive from his Tampa/Clearwater office to Tallahassee. Thomas worked out of his office in Clearwater/ Tampa Florida office. Thomas Mcgavitt business card is attached indicating his cell phone with area code (727). Area code (727) is a Florida area code (Exhibit 5, page 1 and 2).

8.  My Meineke was always located in Tallahassee Florida. The Tallahassee Meineke automotive repair was governed by Florida Law and licensing.

9.  My Mr.Transmission was always located in Tallahassee Florida. The Tallahassee Mr. Transmission automotive repair was governed by Florida Law and Licensing.

10. I declare under penalty of perjury that the foregoing is true and correct. Executed on April 4, 2011.

Mark E. Baker

(Pro Se Defendant)

3

# EXHIBIT

# -2-

# MORAN INDUSTRIES, INC.

**4444 W. 147TH STREET**
**MIDLOTHIAN, IL 60445**
**708/389-5922**
**800/377-9247**
**708/389-9882 fax**
**708/389-1441 fax #2**
**800/746-9914 Tech**
**Customer Relations (888) 227-8468**

| Moran Industries Telephone Extensions |
|---|

| | |
|---|---|
| 243 | Abrian White (Collections Specialist) 708-297-2243 |
| **222 *** | **Barb Moran (President/CEO) 708-297-2230** |
| 255 | Conference Room |
| 224 | Customer Relations Voice Mail 708-297-2224 |
| **225*** | **Dennis Moran ( Chairman of the Board )** |
| 231 | Jack Yost (VP Fleet Development) 708-297-2231 |
| 234 | Jessica Minas (Accounting Supervisor) 708-297-2234 |
| 253 | John Castillo (Technical Advisor) 708-297-2253 |
| 238 | Julie Ivanoff (Marketing Coordinator) 708-297-2238 |
| 257 | Kelly Carey-Gee (Compliance Director) 708-297-2257 |
| 252 | Larry Ton (Maintenance Engineer) 708-297-2252 |
| 237 | Marsha Ruske (Marketing Director) 708-297-2237 |
| 235 | Patricia "Trish" Cheever (Controller) 708-297-2235 |
| 227 | Jim Marx  708-297-2227 |
| **251*** | **Ron Frydrychowski (COO) 708-297-2251** |
| 223 | Sam Battista (Operations Manager) 708-297-2223 |
| 245 | Seamus Ryan (General Counsel) 708-297-2245 |
| 253 | Technical Line |
| 239 | Tim Rodifer (Vice President of Operations) 708-297-2239 |
| 254 | Tina Johnson (HR Director) 708-297-2254 |
| 250 | Training Room |
| 258 | Vicki Young (Accounting Clerk) 708-297-2258 |
| 229 | Virginia "Gini" Garcia (Director of Research and Development) 708-297-2225 |
| 244 | Voice Mail System |
| 200 | Weekly Sales (Voicemail) |

FLEET FAX 708-844-0211

**Jack Yost (VP Corporate Services)**
6066 New Nashville Hwy.
Murfreesboro, TN 37129
(708)-297-2231
(888) 559-2263 to Main Office
(615) 895-9198 fax

**Jacqie Mc Neal**
Customer Relations x224
917 W. Summerside Road
Phoenix, AZ 85041-8971
602-276-3704 (fax)
888-227-8468 (toll free)

**Customer Relations Mail**
**PO Box 354**
**Midlothian, IL 60445**

**Tim Rodifer**
Vice President Of Operations
516 Douglas Dr.
Johnson City, TN 37604
866-427-2490
423-232-5958(fax)
Cell: 423-791-3495
ONLY FOR HOME OFFICE AND
FRANCHISEES

*Revised March 31, 2011*

# EXHIBIT

-3-

    

# Only 2 Weeks Away!

## Register Now for Center Manager's Class in the South!

### *Space is limited!*

**Many of you have asked for a training class to be held closer to your home state. So we have set up a center manager's class to be held in Johnson City, TN. See the details below and how to register.**

**When:**
**April 12th – 16th, 2010**

**Where:**
**Ramada Inn**
**2606 N. Roan St, Johnson City, TN 37601**

**Hotel Room Reservations:**
**Phone number: 423-282-4011**
**e-mail: ramadajc@gmail.com**
**Website: www.ramada.com**

**Room Rates:**
**$49.95 per night**

**Airport:**
**Tri-City Regional Airport (TRI)**

**To register for class contact Tim Rodifer:**
**708-297-2239 main line**
**423-791-3495 cell phone**
**Or to register online go to: http://timrodifer.com/machform/view.php?id=13**

# EXHIBIT

-4-

Either party hereto may obtain in any court of competent jurisdiction temporary restraining orders and preliminary injunctions in accordance with applicable law, provided in all instances the party seeking such relief simultaneously files a demand for arbitration of such claim in accordance with Section 17.2 and the final merits of such claim are determined in the arbitration proceedings, notwithstanding that the court may, if appropriate under applicable law, consider the likelihood of a party prevailing on the merits in determining whether to issue preliminary relief. The parties agree that any violation of Article 10, Article 11, Section 12.2(k), Section 15.2 or Section 15.4 would result in irreparable harm for which no adequate remedy at law may be available. The provisions of this Section 17.3 shall continue in full force and effect subsequent to and notwithstanding the expiration or termination of this Agreement.

### 17.4  Multi-Plaintiff and Class Action Claims

Subject to and in accordance with applicable law, you may institute a multi-plaintiff claim (involving more than one plaintiff that is not one of your Owners or Affiliates) or a class action claim in a court of competent jurisdiction against us for the sole purpose of seeking: (a) preliminary and permanent injunctive relief or specific performance as a result of a breach of this Agreement; (b) restitution to the MAF as a result of a breach of Article 8 hereof; or (c) restitution as a result of a breach of our obligation under Section 7.2 not to take rebates, benefits and promotional allowances from suppliers, other than in accordance with the terms of Section 7.2. You agree that multi-plaintiff or class action claims may not be instituted for any claims or purposes other than those listed above in this Section 17.4. You further agree that any such actions shall be brought exclusively in the jurisdiction where we then have our principal place of business, notwithstanding the provisions of Section 17.5. The provisions of this Section 17.4 shall continue in full force and effect subsequent to and notwithstanding the expiration or termination of this Agreement.

### 17.5  Venue

Any judicial proceeding we may bring against you or any of your Owners in accordance with the terms of this Agreement may be brought in the jurisdiction where we then have our principal place of business and, if brought in that jurisdiction, may not be transferred to another jurisdiction on the basis that the other jurisdiction is more convenient for the parties and witnesses. Any judicial proceeding you may bring against us in accordance with the terms of this Agreement may be brought in the jurisdiction where your Center is located and, if brought in that jurisdiction, may not be transferred to another jurisdiction on the basis that the other jurisdiction is more convenient to the parties and witnesses.

### 17.6  Costs and Attorneys' Fees

The party who prevails in any arbitration or judicial proceeding will be awarded its costs and expenses incurred in connection with such proceedings, including reasonable attorneys' fees.

### 17.7  Limitations on Legal Claims

Except with respect to any of your obligations herein regarding the Confidential Information and the Marks, we and you (and your Owners) each agrees, to the fullest extent permitted by law, not to assert any right to or claim for any punitive, exemplary or special damages against the other directly or indirectly arising from or relating to this Agreement.

### 17.8  Severability and Substitution of Provisions

40

MCC 9/2008

# EXHIBIT

# -5-



**THOMAS MCGAVITT**
Operations Manager

Cell: 727.773.6647
Toll Free: 800.275.5200
Main: 704.377.8855
Fax: 704.377.1490

128 South Tryon Street
Charlotte, NC 28202

thomas.mcgavitt@meineke.com

Case: 1:10-cv-07653 Document #: 25 Filed: 04/07/11 Page 21 of 24 PageID #:224

# Area code 727

From Wikipedia, the free encyclopedia

Area code **727** covers Pinellas County, Florida (including St. Petersburg, Clearwater, and Pinellas Park, among many other municipalities, but excluding the majority of Oldsmar), and the western third of Pasco County (including Port Richey, New Port Richey, and Holiday). For 43 years, the 13 counties around Tampa Bay, including cities such as Sarasota, Ellenton, and Port Charlotte were in area code 813. In 1998, Pinellas County and the western part of Pasco County were split into area code 727.



727 was originally going to be introduced in an overlay plan, to overlay 813. At the time, overlays were a new concept and since overlays result in mixing area codes within the same area (issuing the new code to new numbers) requiring 10-digit dialing and were often met with public resistance at the time, GTE/Verizon switched the proposal to a split plan.

## See also

- List of Florida area codes
- List of NANP area codes
- North American Numbering Plan

## References

- Florida's Area Code History (http://www.sprint.com/areacodes/florida/history.html)

## External links

- NANPA Area Code Map of Florida (http://www.nanpa.com/area_code_maps/display.html?fl)
- List of exchanges from AreaCodeDownload.com, 727 Area Code (http://www.areacodedownload.com/727/index.html)

| State of Florida area codes: 239, 305, 321, 352, 386, 407, 561, 727, 754, 772, 786, 813, 850, 863, 904, 941, 954 | | |
|---|---|---|
| | **North**: 352 | |
| **West**: Gulf of Mexico | **Area Code 727** | **East**: 813 |
| | **South**: 941 | |

Retrieved from "http://en.wikipedia.org/wiki/Area_code_727"
Categories: Florida geography stubs | Area codes in the United States | Area codes in Florida

- This page was last modified on 18 February 2011 at 21:14.
- Text is available under the Creative Commons Attribution-ShareAlike License; additional terms may apply. See Terms of Use for details.
  Wikipedia® is a registered trademark of the Wikimedia Foundation, Inc., a non-profit organization.

Case: 1:10-cv-07653 Document #: 25  Filed: 04/07/11 Page 23 of 24 PageID #:226

# Area code 727

From Wikipedia, the free encyclopedia

Area code **727** covers Pinellas County, Florida (including St. Petersburg, Clearwater, and Pinellas Park, among many other municipalities, but excluding the majority of Oldsmar), and the western third of Pasco County (including Port Richey, New Port Richey, and Holiday). For 43 years, the 13 counties around Tampa Bay, including cities such as Sarasota, Ellenton, and Port Charlotte were in area code 813. In 1998, Pinellas County and the western part of Pasco County were split into area code 727.

727 was originally going to be introduced in an overlay plan, to overlay 813. At the time, overlays were a new concept and since overlays result in mixing area codes within the same area (issuing the new code to new numbers) requiring 10-digit dialing and were often met with public resistance at the time, GTE/Verizon switched the proposal to a split plan.



## See also

- List of Florida area codes
- List of NANP area codes
- North American Numbering Plan

## References

- Florida's Area Code History (http://www.sprint.com/areacodes/florida/history.html)

## External links

- NANPA Area Code Map of Florida (http://www.nanpa.com/area_code_maps/display.html?fl)
- List of exchanges from AreaCodeDownload.com, 727 Area Code (http://www.areacodedownload.com /727/index.html)

| State of Florida area codes: 239, 305, 321, 352, 386, 407, 561, 727, 754, 772, 786, 813, 850, 863, 904, 941, 954 | | |
|---|---|---|
| | **North**: 352 | |
| **West**: Gulf of Mexico | **Area Code 727** | **East**: 813 |
| | **South**: 941 | |

Case: 1:10-cv-07653 Document #: 25  Filed: 04/07/11 Page 24 of 24 PageID #:227

Retrieved from "http://en.wikipedia.org/wiki/Area_code_727"
Categories: Florida geography stubs | Area codes in the United States | Area codes in Florida

- This page was last modified on 18 February 2011 at 21:14.
- Text is available under the Creative Commons Attribution-ShareAlike License; additional terms may apply. See Terms of Use for details.
  Wikipedia® is a registered trademark of the Wikimedia Foundation, Inc., a non-profit organization.