Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7653 | **DATE** | May 27, 2011 |
| **CASE TITLE** | Moran Indus. Inc. et al v. Baker | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS in part and DENIES in part the Defendant's Motion to Dismiss and Transfer (doc. #9). The Court DISMISSES Count II, IV, VII, VIII, and X without prejudice for want of personal jurisdiction. In reviewing this motion, the Court noted that Defendant has filed an unnoticed motion to correct (doc. # 12). The Court DENIES this motion as improperly noticed.

■[ For further details see attached below.]    Docketing to mail notice.

## STATEMENT

Moran Industries, Inc. grants franchise to retail stores specializing in the installation and servicing of automobile transmissions and the sale of related products. Meineke Car Care Centers, Inc. grants franchises to operate automotive repair centers under its system. Both of these franchisors use marks and logos associated with their brands. The Defendant, Mark Baker, entered into a franchise agreement with Moran in October 2008 to operate a "Mr. Transmission Service Center" in Tallahassee, Florida. In June 2009, Baker entered into a franchise agreement with Meineke to operate a Meineke Car Care Center, which was also located in Tallahassee, Florida. Moran and Meineke allege that Baker used the marks of each franchisor at a single location, in violation of the respective franchise agreements. Both franchisors objected to his practice and terminated the franchise agreements. They allege, however, that Baker continues to use their marks, and have sued him in the Northern District of Illinois, where Moran is located. Baker moves to dismiss, arguing that the Court lacks personal jurisdiction over him, and in the alternative, requests that the Court transfer the case to the Northern District of Florida.

The Defendants argue that a forum selection clause waives Baker's objection to this Court's exercise of jurisdiction over him. Challenges to personal jurisdiction may be waived. *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1290 (7th Cir. 1989). A valid forum-selection clause can waive any objection to personal jurisdiction that a defendant may have, and should be enforced absent a strong showing that it should be set aside. *Id.* at 1290-91. Here, the forum-selection clause between Moran and Baker specifies that "proceedings which [sic] arise out of and are connected in any way with this Agreement and/or operation fo the Mr. Transmission franchise licensed hereunder shall be submitted to the United States District Court for the Northern District of Illinois." Baker makes no real argument that the forum-selection clause in the franchise agreement with Moran is not a mandatory forum-selection clause or that it is not valid. Thus, it is clear that the

the Court has personal jurisdiction over Baker with regard to Moran's claims. The Court DENIES Baker's Motion to Dismiss and to Transfer with regard to Counts I, III, V, VI, and IX.

The franchise agreement with Meineke, however, contains no such mandatory forum-selection clause, and Defendants do not argue that the Court has general jurisdiction over Baker. A defendant is subject to general jurisdiction when he has "continuous and systemic general business contacts" with the forum state. *uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425-26. This standard requires that a defendant's contacts with a state be so extensive that he can be treated as present in the state for essentially all purposes. *Id.* at 426. When a defendant is subject to general jurisdiction, he can be called into court in that state for any alleged wrong, committed in any place, regardless of the relationship of the wrong to the forum state. *Id.* Clearly, Baker, who operated two automotive repair franchises in Tallahassee, Florida did not have such continuous and systemic general business contacts with Illinois that he would be subject to general jurisdiction here. Baker had a franchise agreement with an Illinois corporation (Moran), which would be sufficient to subject him to specific jurisdiction for claims arising from that agreement (but such a conclusion is unnecessary, given that agreement's forum-selection clause).

Instead, Defendants argue that Meineke's federal trademark claims are "undeniably 'connected in any way with' the franchise agreement between [Baker] and Moran." This argument, however, makes little sense. Meineke's claims and Moran's claims undeniably arise from the same set of operative facts, but that does not mean that Meineke's claims are "connected in any way" with Baker's franchise agreement with Moran. Allegedly, Baker ran a Meineke Car Care Center, and placed Moran marks within that facility, and those actions violated Baker's franchise agreement with *Meineke*. In other words, in order to prove its claim Meineke must refer to the terms and conditions contained within its franchise agreement with Baker. Nothing in the terms and condition of Baker's agreement with Moran could help Meineke prove its claims against Baker. For example, the fact that Baker violated the restrictive covenant concerning the operation of multiple franchises in his agreement with Moran does not mean that Baker violated the franchise agreement with Meineke. Instead, to determine whether Baker violated the franchise agreement with Meineke, a court would look to any restrictive covenant in that agreement. It is possible that Baker could have violated one franchise agreement and not the other depending on how the restrictive covenants are worded. Meineke's claim that its claims against Baker are "connected" with Moran's franchise agreement is frivolous. The Court finds that it lacks personal jurisdiction over Baker with regard to Meineke's claims and so dismisses Counts II, IV, VII, VIII, and X of the Complaint without prejudice.

*Wm. J. Hibbler*